IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 19-CR- |
| | : | |
| | : | VIOLATIONS: |
| v. | : | 18 U.S.C. § 1001 |
| | : | (False Statements); |
| | : | 22 D.C. Code §§ 3221(b), 3222(b)(1) |
| | : | (Second Degree Felony Fraud) |
| | : | |
| RONDA M. YOUNG, | : | |
| | : | |
| Defendant. | : | |

## INFORMATION

The United States Attorney hereby informs the Court:

### Introduction

1. At all times relevant to this Information, Ronda M. Young ("defendant") was a federal government employee with the Department of Homeland Security, Customs & Border Protection ("CBP"). CBP employed defendant as a Management & Program Analyst, a Grade 13, Step 6 position, with annual compensation of $113,132. To obtain employment with CBP in 2008, defendant was subjected to a general background security investigation, which included a review of her credit history and finances. Defendant also was subject to periodic reinvestigation to determine her suitability for continued federal employment. The reinvestigation included a review of defendant's credit history and finances. CBP conducted a reinvestigation of defendant in June 2013, and her most recent reinvestigation commenced in March 2018. However, the current reinvestigation remains incomplete and open because defendant resigned from CBP on or about September 13, 2018, to take a position with the United States Veteran's Administration.

2. At all time relevant to this Information, the following were financial institutions with deposits insured by the Federal Deposit Insurance Corporation: JP Morgan Chase, Barclay's Bank of Delaware, Wells Fargo Bank; and FedChoice Federal Credit Union ("FCFCU") was a financial institution with deposits insured by the National Credit Union Share Insurance Fund (collectively referred to as "financial institutions").

3. Between in or about 2010 and 2015, defendant applied for and obtained credit from the financial institutions. Defendant used the available credit through on or about 2017, to pay for domestic and international travel for herself, and occasionally for her mother, to Jamaica, Italy, Turkey, Mexico, Dominican Republic, Bermuda and the Bahamas. Defendant also used the available credit to purchase items while traveling overseas. Furthermore, defendant used the credit to, among other things, join the CBP Trusted Traveler/Global Entry program and to purchase furniture. The total outstanding debt for these purchases, collectively, is $34,664.88.

4. Financial institutions may charge-off loan indebtedness if the account holder is a victim of identity theft, reports the alleged identity theft to law enforcement, files an affidavit stating the circumstances of the identity theft, disavows the debts under penalty of possible criminal prosecution, and agrees to assist with the investigation of the purported fraud.

### Count One
### False Statements

5. Paragraphs 1 through 4 are incorporated by reference as if set forth in full herein.

6. In March 2018, CBP, commenced a background reinvestigation for defendant concerning her suitability for continued federal employment. That background reinvestigation included a review of defendant's credit history and finances.

7. Defendant was informed that making false statements to the investigators conducting the background reinvestigation could be a criminal act that violated 18 U.S.C. §1001.

8. On March 8, 2018, investigators asked defendant to explain several charged-off financial accounts appearing on her credit report. Defendant stated that she paid the accounts and that the delinquency resulted from losing a tenant in a rental property. Defendant agreed to provide the investigators with documentation reflecting that the accounts had been paid.

9. On March 28, 2019, investigators asked defendant for the documentation demonstrating that the charged-off accounts had been paid. Defendant did not produce any documentation. Instead, defendant said that she had misspoken at the prior interview and that in fact, the charged off accounts were not hers. Specifically, defendant told the investigators that she had been a victim of identity theft as a result of the June 2016 data breach at the Office of Personnel Management. Defendant further stated that she filed disputes concerning the charged-off accounts and that the accounts should have been removed from her credit report.

10. Defendant knew that the statements she made to the investigators concerning the charged-off financial accounts were false.

11. Defendant knew that the debts reflected in the charged-off accounts did not result from identity theft related to the June 2016 data breach at the Office of Personnel Management.

12. Defendant knew that the debts were not caused by identity theft because defendant applied for, obtained and used the credit for personal expenses and then defaulted on the debts.

13. Further, defendant knew that she falsely claimed identity theft to cause the financial institutions to charge-off those legitimate debts.

14. Defendant knew that her financial profile was a material aspect of her background reinvestigation. Defendant falsely claimed ifentity theft to cause the financial institutions to

charge-off the debts and remove them from her credit history to improve her credit profile in anticipation of the background reinvestigation.

**(False Statements, in violation of 18 United States Code, Section 1001).**

## Count Two
### Fraud in the Second Degree

15. Paragraphs 1 through 4 are incorporated by reference as if set forth in full herein.

16. Between on or about April 2017, and March 2018, in the District of Columbia and elsewhere, the defendant, Ronda M. Young, engaged in a scheme and systematic course of conduct with intent to defraud the financial institutions identified in the table set forth below, of $1,000 or more of property, that is money, and to obtain property by means of a false or fraudulent pretense, representation, and promise, that is the discharge of lawfully incurred debts, of a value of $1,000 or more belonging to the financial institutions.

| Financial Institution | Approximate Date of Charge-Off | Amount Charged-Off |
|---|---|---|
| JP Morgan Chase | June 2018 | $7,323.82 |
| Barclay's Bank | November 2017 | $6,138.74 |
| Wells Fargo | September 2017 | $1,743.02 |
| Fed Choice Federal Credit Union -5581 | December 2017 | $5,660.63 |
| Fed Choice Federal Credit Union -0805 | August 2017 | $13,798.67 |

17. Specifically, defendant submitted a Complaint and Affidavit in which defendant alleged falsely that she was the victim of identity theft because of a federal data breach; and that she had not incurred any debts to the above-listed financial institutions.

18.     It was the goal of defendant's scheme to evade the payment of the lawfully incurred debts, to cause the financial institutions to cease efforts to collect the debts, and to cause the discharge of the debts in the aggregate amount of $34,664.88.

19.     It was a further goal of defendant's scheme to cause the removal of the lawful debts from her credit history, thereby improving her credit worthiness and her credit profile in anticipation of the 2018 background reinvestigation for her continued federal employment.

**(Second Degree Felony Fraud $1,000 or More, in violation of Title 22, D.C. Code, Sections 3221(b), 3222(b)(1)).**

Respectfully Submitted,

JESSIE K. LIU
United States Attorney
For the District of Columbia
D.C. Bar No. 472845

By: *[signature]*
DENISE A. SIMMONDS
Assistant United States Attorney
D.C. Bar No. 437960
United States Attorney's Office
For the District of Columbia
555 Fourth Street, N.W, Room 5229
Washington, D.C. 20530
(202) 252-7284
Denise.Simmonds@usdoj.gov